UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert B. Colley, on behalf of himself and : Case No. 1:15-cv-720
all similarly situated employees, :
:
    Plaintiffs, :
:
vs. :
:
The Scherzinger Corporation, :
:
    Defendant. :

## ORDER

Before the Court is Defendant's motion for judgment on the pleadings on Plaintiff Robert Colley's Kentucky wage and hour claim.  (Doc. 19)  Defendant argues that Plaintiff's attempt to prosecute this claim as a class action is forbidden by established precedent.  It also argues that Colley (as well as opt-in Plaintiffs Davenport and McCormick) lack standing to prosecute this claim.

Colley's original complaint in this case (Doc. 1) asserted claims under the Fair Labor Standards Act (29 U.S.C. §201 et seq), the Ohio Minimum Fair Wage Standards Act (Ohio Rev. Code 4111 et seq), and the Kentucky Wages and Hours Act (Ky. Rev. Stat. 337.020 et seq).  Colley generally alleges that Scherzinger failed to pay him overtime pay (one and a half times his regular hourly rate for hours worked in excess of 40 per week).

Scherzinger seeks judgment on Colley's Kentucky claim.  It argues that the applicable statute, Ky. Rev. Stat. 337.385(a), plainly states that "any one (1) or more employees **for and on behalf of himself, herself, or themselves**," may bring a

statutory complaint for wage and hour violations.  This language differs significantly from that of the Fair Labor Standards Act, 29 U.S.C. §216(b), which expressly grants standing to employees to sue on behalf of similarly situated other employees.  Scherzinger cites two unpublished decisions of the Kentucky Court of Appeals, which concluded that class actions may not be maintained under K.R.S. 337.385.  Toyota Motor Manufacturing Kentucky, Inc. v. Kelly, 2013 Ky. App. Unpub. LEXIS 910 (Ky. Ct. App. Nov. 15, 2013), and McCann v. Sullivan Univ. Sys., 2015 Ky. App. LEXIS 31 (Ky. Ct. App., Feb. 27, 2015).[1]  Two Kentucky federal district courts have reached the same conclusion: Anderson v. GCA Servs. Group, 2015 U.S. Dist. LEXIS 119742, **6-7 (W.D. Ky., Sept. 9, 2015); and Green v. Platinum Rests. Mid-America LLC, 2015 U.S. Dist. LEXIS 171647, **15-17 (W.D. Ky., February 24, 2015).  Since there is no definitive or controlling authority from the Kentucky Supreme Court, Scherzinger urges this Court to adopt the conclusions of these courts and dismiss Colley's Kentucky wage and hour class claim.

Colley responds that a different set of Kentucky decisions have allowed wage and hour claims to proceed as class actions, rejecting the conclusion reached in McCann.  Colley cites Whitlock v. FSL Mgt., LLC, 2012 WL 3274973, *14 (W.D. Ky. 2012); Hughes v. UPS Supply Chain Solutions, Inc., 2013 WL 4779746, *7 (Ky. Ct. App., 2013), and others reaching that conclusion (see Doc. 30 at 1).  He urges the Court to simply stay his Kentucky claim until the Kentucky Supreme Court decides

---

[1] The Kentucky Supreme Court depublished the court of appeals decision in McCann and granted discretionary review, but it is unknown when that Court might issue a ruling.

McCann.

Alternatively, Scherzinger contends that Colley lacks standing to prosecute his Kentucky wage and hour claim. Scherzinger and Colley are both citizens of Ohio, Scherzinger hired Colley in Ohio and assigned him to work on Ohio routes. The vast majority of his logged time was spent in Ohio. Scherzinger contends (and Plaintiffs do not dispute) that the two opt-in plaintiffs, Davenport and McCormick, never worked in Kentucky. The small number of hours Colley worked in Kentucky covering shifts for other employees does not demonstrate that he has suffered a real and tangible injury that is sufficient to proceed on claims under both Ohio and Kentucky law.

Scherzinger submits the second declaration of H.J. Althaus, Scherzinger's President, who reviewed Colley's reported time records. Althaus states that during his three-plus years of employment, Colley worked a few hours in Kentucky during each of only six workweeks scattered throughout his three-plus year tenure with the company. In only three of those six workweeks, Colley actually worked a total of more than 40 hours, and none of the overtime hours for those weeks were worked in Kentucky. (Doc. 35-1, Althaus Second Dec., at ¶¶ 4-6, PAGEID 273)

Colley responds that because he did work in Kentucky, even a few hours, his complaint is sufficient to withstand a motion under Rule 12(c). He alleges that he was an employee of Scherzinger, that he worked in Kentucky, and he was not paid overtime, which he contends is sufficient. He also suggests that a contrary conclusion and dismissal of his claim would prejudice other Kentucky employers and employees, as out-of-state employers such as Scherzinger could disregard Kentucky's wage and hour statutes with impunity, simply by asserting their out-of-state status and only occasionally

sending employees to Kentucky.

The Court concludes that it need not determine whether the Kentucky statute permits Colley to proceed on a class action claim, nor stay this case for an indefinite period to await the Kentucky Supreme Court's decision in McCann. The Court finds that Scherzinger's arguments with respect to Colley's lack of standing have merit. "To have Article III standing, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. ... The alleged injury must be both concrete and particularized and actual or imminent, not conjectural or hypothetical." IMHOFF Inv., LLC v. Alfoccino, Inc., 792 F.3d 627, 631 (6th Cir. 2015)(internal citations and quotation marks omitted). Colley does not dispute Althaus's calculations of the amount of time he actually worked in Kentucky, or Althaus's assertion that Colley never worked an hour of overtime in that state. Colley's allegations, in view of those calculations, do not support a conclusion that he suffered a "concrete and particularized" injury that confers standing to sue under the Kentucky statute.

Moreover, Scherzinger notes that Ohio's conflict of law principles applied to the few workweeks in which Colley worked some hours in Kentucky, counsel in favor of applying Ohio law to the totality of his wage and hour claims asserted against Scherzinger. Ohio follows the Restatement (Second) of Conflict of Laws, which directs the court to apply the law of the state that has the most significant contacts to the dispute. Factors to consider in making this determination include where the injury took place, where the alleged conduct occurred, and the domicile of the parties. Newberry v. Silverman, 789 F.3d 636, 643 (6th Cir. 2015). Colley resides in and is a citizen of Ohio,

Scherzinger's principal place of business is in Ohio, and Scherzinger issued paychecks to its employees in Ohio.  In addition, neither party suggests that the dismissal of Colley's Kentucky claim would leave him without a full and complete remedy, if his allegations under the FLSA and Ohio law prove to have merit.

     For all of the foregoing reasons, Defendant's motion for judgment on the pleadings on Plaintiff Colley's Kentucky Wage and Hour claim (Doc. 19) is granted, and that claim is dismissed with prejudice.  Plaintiff's FLSA and Ohio claims remain pending for disposition.

     SO ORDERED.

DATED: April 25, 2016                          <u>s/Sandra S. Beckwith</u>
                                                    Sandra S. Beckwith, Senior Judge
                                                    United States District Court